**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2695-19

ANAHID KAROYAN,

 Plaintiff-Appellant,

v.

ESTATE OF ALBERT GRIMALDI,

 Defendant-Respondent.

_____

Submitted March 9, 2021 – Decided March 24, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-017844-19.

De Marco & De Marco, attorneys for appellant (Michael P. De Marco, on the briefs).

Basile Birchwale & Pellino, LLP, attorneys for respondent (Stephen F. Pellino, on the brief).

PER CURIAM

 For many years before and until his death on November 24, 2016, Albert

Grimaldi resided with plaintiff Anahid Karoyan in a two-family Ridgefield

home titled in Albert's name. After Albert's Will, which granted plaintiff a life estate in one of the two units on the Ridgefield property, was offered into probate, his two surviving adult children commenced suit, alleging plaintiff unduly influenced the Will and certain inter vivos transfers. In settling that action, plaintiff gave up her life estate and some of the inter vivos transfers.

Following the settlement, plaintiff submitted a claim to the estate's executor, alleging she paid $32,163.63 toward renovation of the Ridgefield property. She provided cancelled checks amounting to $15,563.63 and asserted she had made cash payments of $16,600; the estate responded that it would reimburse the former but not the latter. The estate's attorney explained the estate's position to plaintiff in a letter in which he also enclosed a release for plaintiff to sign if she agreed. The release stated that plaintiff "will be paid a total of $15,563.63, in full payment of making this [r]elease" by which she "agree[d] that [she] will not seek anything further including any other payment from" the estate. Plaintiff signed the release and received $15,563.63 from the estate in May 2019.

In September 2019, plaintiff commenced this Special Civil Part suit seeking $16,600 in damages from the estate. In moving for summary judgment, the estate argued that the executed release barred plaintiff's claim. Plaintiff

submitted a certification in opposition, asserting that although she was represented by counsel in the undue-influence probate suit, she was not represented by counsel when she engaged in the discussions and communications that led to the $15,563.63 payment and execution of the release. She also contended that she believed the $15,563.63 payment was a partial payment of the $32,163.63 that she thought remained due and that she would never have agreed to accept less than half of what she believed was owed. In granting summary judgment in the estate's favor, the judge provided a brief written opinion that relied on both the strong public policy in favor of settlements, Nolan v. Lee Ho, 120 N.J. 465 (1990), and the court's obligation to enforce a settlement absent a demonstration of "fraud or other compelling circumstances," Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983).

Plaintiff appeals, arguing that the estate failed to submit, in support of its summary judgment motion, a statement of material facts, see R. 4:46-2, and that the judge erred in granting the summary judgment motion not only for that reason but "because there were genuine issues of fact as to whether the release should be enforced." We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

We add only that the communications that preceded the resolution of plaintiff's $32,163.63 claim plainly and unambiguously demonstrated that the estate was agreeable to paying plaintiff $15,563.63 in full settlement and that, by accepting this amount, plaintiff would seek nothing further. Plaintiff attempts to avoid her agreement with the estate by claiming she was unrepresented by counsel at the time; that, however, was her choice. While she was entitled to retain counsel during those discussions, she did not have the right to disavow her promise to seek nothing further because she chose to go it alone, nor was the agreement void or voidable due to the absence of counsel.

Plaintiff also argues that the transaction was the product of mistake; she claims she believed the release applied to the resolved portion of her claim, not the disputed $16,600 remainder. There was no mistake. The document she signed when paid $15,563.63 stated in plain English that by signing the release and accepting the payment, plaintiff was releasing the remainder of her claim and would be unable to seek "anything further" from the estate. There was no genuine dispute, and the trial judge properly entered summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4